The Honorable Barbara J. Rothstein

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JERALD S GALVAN,<br><br>　　　　　Plaintiff,<br>　　v.<br><br>CITY OF TACOMA, *et al.*,<br><br>　　　　　Defendants. | Civil Action No. 3:23-cv-05237-BJR<br><br>**ORDER GRANTING SUMMARY JUDGMENT** |

## I.　INTRODUCTION

Plaintiff brings this lawsuit against the City of Tacoma, the Tacoma Police Department, Tacoma Police Department Officers Dave Anderson and Ron Komarovsky, and John and Jane Does ("the Defendants") for violations of his Fourth, Fifth, and Fourteenth Amendment rights, assault and battery, and negligence. Plaintiff alleges that Officers Anderson and Komarovsky used excessive force against him when they temporarily restrained and detained him during a road rage incident. Defendants now move for summary judgment on all of Plaintiff's claims. Dkt. No. 12. Plaintiff does not oppose the motion. Having reviewed the motion, the record of the case, and the relevant legal authority, the Court will grant the motion. The reasoning for the Court's decision follows.

## II.       BACKGROUND

On February 14, 2020, Plaintiff was driving near Tacoma Mall when another vehicle made an illegal turn in front of him causing Plaintiff to swerve to avoid hitting the other vehicle. Plaintiff's vehicle struck a curb resulting in two flat tires. Plaintiff got out of his car and began yelling at the other driver. He then called 911 and the audio recording from the call documents that he was agitated, yelling, using profanity, and suggesting that he would harm the other driver. Plaintiff also admits that he struck the other vehicle with his fist. The two vehicles then pulled into a nearby parking lot where Plaintiff continued his 911 call. The 911 dispatcher attempted to deescalate the situation by suggesting that Plaintiff wait in his car for the police to arrive, suggesting that it is safer that way because the other driver may have a weapon, to which Plaintiff replied, "I've got a weapon." Plaintiff later clarified that he did not have a weapon on his person but the dispatcher had already input into the CAD that Plaintiff was armed.

Officers Anderson and Komarovsky responded to the scene and observed Plaintiff outside his vehicle acting aggressively and belligerently. He was waving his arms around and his hooded sweatshirt lifted to expose the bottom portion of a pistol holster on his right side. The officers ordered Plaintiff not to reach for the holster, in response to which Plaintiff said, "oh fuck this" and reached toward the holster. The officers jumped on Plaintiff, pull him to the ground, and placed him in handcuffs. Plaintiff alleges that the officers placed him in a choke hold and he lost consciousness.  The officers deny placing Plaintiff in a choke hold at any time during the incident. Importantly, Plaintiff's wife recorded the incident on her phone and the video was uploaded to Plaintiff's YouTube.com channel. The video shows Plaintiff sitting on the curb, in handcuffs, conscious, without anyone touching his neck. At approximately 2:25 minutes into the 5:20 minute

video, Plaintiff slowly lays down until about 4:40 in the video. His family members and acquaintances who are watching claim that he is experience a seizure.

Plaintiff admits that he has a long history of fainting episodes and pseudo seizures that can be brought on by stressful events. Plaintiff's medical history is also confirmed by his wife and son. Plaintiff's primary care physician, Ashely Jensen ARNP, testified in this matter that Plaintiff's pseudo seizure triggers have been identified to be linked to anxiety or pain and involve a loss of consciousness. Ms. Jensen also confirmed that it is possible for Plaintiff to experience multiple pseudo seizure events within minutes of one another. Ms. Jensen testified that Plaintiff never discussed with her the events of February 14, 2020, and – as a result – she has no opinion as to what caused Plaintiff to lose consciousness and/or experience a pseudo seizure on February 14, 2020, nor does Ms. Jensen have any opinions relevant to this lawsuit.

### III.   STANDARD OF REVIEW

"The standard for summary judgment is familiar: 'Summary judgment is appropriate when, viewing the evidence in the light most favorable to the nonmoving party, there is no genuine dispute as to any material fact.'" *Zetwick v. County of Yolo*, 850 F.3d 436, 440 (9th Cir. 2017) (quoting *United States v. JP Morgan Chase Bank Account No. Ending 8215*, 835 F.3d 1159, 1162 (9th Cir. 2016)). A court's function on summary judgment is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). If there is not, summary judgment is warranted.

An unopposed motion for summary judgment does not automatically entitle the movant to judgment as a matter of law. The Ninth Circuit has affirmed that summary judgment should not be granted "where the movant's papers are insufficient to support that motion or on their face

reveal a genuine issue of material fact." *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 950 (9th Cir. 1993). Thus, even if the motion is unopposed, the district court must evaluate the evidence presented to determine whether the movant is entitled to judgment as a matter of law. *E.g., Clarendon Am. Ins. Co. v. Jai Thai Enterprises, LLC*, 625 F. Supp. 2d 1099, 1103, 1108 (W.D. Wash. 2009). The Court has no obligation "to scour the record in search of a genuine issue of triable fact." *Simmons v. Navajo Cnty., Ariz.*, 609 F.3d 1011, 1017 (9th Cir. 2010); *see also Carmen v. S.F. Unified Sch. Dist.*, 237 F.3d 1026, 1029 (9th Cir. 2001) ("[T]he district court may determine ... summary judgment[ ] based on the papers submitted on the motion.... [and] need not examine the entire file for evidence establishing a genuine issue of fact, where the evidence is not set forth in the opposing papers with adequate references so that it could conveniently be found.").

## IV. DISCUSSION

This Court has reviewed the evidence submitted by Defendants, including excerpts of deposition testimony from Plaintiff, Plaintiff's wife, and Plaintiff's primary care physician, the audio recording of Plaintiff's 911 call, the video uploaded to Plaintiff's YouTube account, statements and declarations from Officers Komarovsky and Anderson, incident reports, and the report of Defendants' forensic expert Chris Nielsen. Based on this evidence, Defendants argue that they are entitled to summary judgment as a matter of law on all of Plaintiff's claims. Specifically, Defendants allege that Plaintiff's claim for municipal liability fails because there is no evidence that the City of Tacoma was deliberately indifferent to a known need to train its officers in any way relevant to this incident. Nor is there evidence that the City's policymakers ratified an unconstitutional act. Defendants argue that Plaintiff's Fourth and Fifth Amendment claims for unreasonable seizure, use of excessive force, and lack of due process must be

dismissed because no reasonable jury could conclude that the officers acted unreasonably when they detained Plaintiff because they believed that he was reaching for a weapon. Nor is there evidence to suggest that the officers used excessive force when they put him on the ground and handcuffed him. Defendants argue that Plaintiff's Fourteenth Amendment claim must be dismissed because the officers' actions during the incident did not "shock the conscience" and their actions were practical under the undisputed facts. In addition, Plaintiff cannot establish that he experienced a deprivation of a familial relationship because of the alleged actions by Defendants. Lastly, Defendants argue that no reasonable jury could conclude that the officers acted in a negligent manner towards Plaintiff considering the undisputed evidence in this case, including video and audio evidence that indisputably demonstrates that Plaintiff claimed to be armed, was agitated, and indicated his intent to harm someone. The video evidence shows Plaintiff was conscience and sitting up immediately before his alleged seizure and the officers immediate called for medical aid, which arrived shortly thereafter. Finally, the video shows that Plaintiff was able to walk away from the scene without any apparent injuries.

      Given that Plaintiff filed no opposition to Defendants' motion, the Court finds it appropriate to consider the forgoing facts undisputed. Fed. R. Civ. P. 56(3)(2); *Cooper v. Whatcom County*, 650 F. Supp. 3d 1144, 1167 (W.D.W.A. 2023). Defendants' motion is sufficient to support summary judgment; accordingly, the Court grants the motion.

//

//

//

//

## V.     CONCLUSION

For the foregoing reasons, the Court HEREBY GRANTS Defendants' motion for summary judgment and DISMISSES Plaintiff's claims with prejudice.

Dated this 25nd day of March 2024.

*Barbara J. Rothstein*
Barbara Jacobs Rothstein
U.S. District Court Judge