The Honorable Barbara J. Rothstein

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JERALD S GALVAN,<br><br>    Plaintiff,<br>v.<br><br>CITY OF TACOMA, *et al.*,<br><br>    Defendants. | Civil Action No. 3:23-cv-05237-BJR<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION** |

## I.   INTRODUCTION

Plaintiff filed this lawsuit against the City of Tacoma, the Tacoma Police Department, Tacoma Police Department Officers Dave Anderson and Ron Komarovsky, and John and Jane Does ("Defendants") for violations of his Fourth, Fifth, and Fourteenth Amendment rights, assault and battery, and negligence, alleging that Officers Anderson and Komarovsky used excessive force against him when they temporarily restrained and detained him during a traffic incident. The Court granted Defendants' unopposed summary judgment motion on March 25, 2024 and dismissed the case ("the March 25, 2024 Order"). Dkt. Nos. 19 & 20. Plaintiff now moves the Court for reconsideration of the March 25, 2024 Order. Dkt. No. 21. Having reviewed the motion, the record of the case, and the relevant legal authority, the Court denies the motion. The reasoning for the Court's decision follows.

## II. PROCEDURAL BACKGROUND

Plaintiff filed this action in Pierce County Superior Court on February 3, 2023, and the matter was removed to federal court and assigned to the undersigned on March 20, 2023. Dkt. No. 1. Thereafter, on March 27, 2023, this Court's Standing Order for All Civil Cases ("the Standing Order") was filed on the case docket. Dkt. No. 4. The Standing Order sets forth the court procedures that govern all civil cases assign to this District Court Judge and provides that:

> The procedures supplement the Federal Rules of Civil Procedure and Local Rules of the United States District Court for the Western District of Washington. **In the event there is an inconsistency between this Order and the Local Rules and/or the Federal Rules of Civil Procedure, the terms of this Order control.** *Failure to comply with the procedures set forth in this Order may result in sanctions.* The terms of this Order shall have the force and effect of orders of the Court from this date forward.

*Id*. at 1 (bold and italics in original). The Standing Order further provides that:

> **This Court DOES NOT USE the noting dates set forth in the Local Rules.** Instead, oppositions shall be filed no later than **TWENTY−ONE (21) days** after the filing of a Motion. A moving party's reply shall be filed no later than **FOURTEEN (14) days** after an opposition has been filed. **These deadlines apply to ALL motions except Motions in Limine** (*see* Section II(G) *infra*). Where there is a discrepancy between the local rules and these dates, these dates control.

*Id*. at 2.

Defendants filed a motion for summary judgment as to all of Plaintiff's claims on January 5, 2024. Dkt. No. 12. Therefore, per the Standing Order, Plaintiff's response to the motion was due on or before January 26, 2024. Plaintiff failed to respond to the motion, so two months after the response was due, on March 25, 2024, this Court reviewed the motion, evaluated the evidence presented, determined that Defendants were entitled to judgment as a matter of law, and granted the motion. Dkt. No. 19. A Judgment dismissing the case was entered that same day. Dkt. No. 20.

That same day but evidently before seeing the March 25, 2024 Order and the Judgment, Defendants' counsel emailed the Court inquiring as to when the Court would rule on their

summary judgment motion. Defense counsel quoted the Standing Order, indicating that Plaintiff's response to the motion was due two months earlier. Later that day, and again apparently before he saw the docketed March 25, 2024 Order and Judgment, Plaintiff's counsel responded to defense counsel's email claiming that he had not filed a response because "no date was set for the hearing nor was there a date set for the Plaintiff to respond to the motion for summary judgment."

Thereafter, on April 2, 2024, Plaintiff filed a motion for reconsideration, requesting that the Court reconsider the March 25, 2024 Order granting summary judgment and dismissing the case. Contrary to the Standing Order, Plaintiff set a noting date for the motion, which this Court has stricken. On April 3, 2024, this Court directed Defendants to file a response to the motion on or before April 17, 2024 and Plaintiff to file a reply on or before April 22, 2024. Dkt. No. 22. Defendants timely filed their response; as of May 1, 2024, Plaintiff has not filed his reply. Dkt. No. 23.

## II.     DISCUSSION

Pursuant to Local Rule 7(h)(1), motions for reconsideration are disfavored and will ordinarily be denied unless there is a showing of (a) manifest error in the prior ruling, or (b) new facts or legal authority which could not have been brought to the attention of the court earlier through reasonable diligence. Local Rules W.D. Wash. LCR 7(h)(1). Motions for reconsideration should be granted only in rare circumstances. *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). Here, Plaintiff presents no argument that new relevant evidence has been discovered, nor that there has been an intervening change in controlling law. Instead, Plaintiff claims this Court committed manifest error when it granted Defendants' motion because Defendants "failed to note [the] motion for a hearing" and "a noting date is required because it shows when the response to the motion is due." Dkt. No. 21 1-2.

Plaintiff is not entitled to the relief requested. First, Plaintiff has failed to familiarize himself with the terms of the Standing Order as is evidenced by his repeated failure to comply this Court's procedures. He failed to recognize that his response to the motion was due on January 26, 2024. He failed to acknowledge his error when it was pointed out to him by defense counsel in the March 25, 2024 email, and he failed to address his error in the motion for reconsideration. Indeed, he even set a noting date for the motion for reconsideration in contravention of the terms of the Standing Order. It is incumbent on counsel to familiarize himself with the Court's rules and procedures; he is not entitled to relief when he has failed to comply with that obligation, particularly when there is no attempt whatsoever to explain the failure. *See e.g. CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) ("A district court has inherent power to control the disposition of the causes on its docket in a manner which will promote economy of time and effort for itself, for counsel, and for litigants."); *Clervrain v. Anderson*, 2022 WL 2392553, *1 (Guam July 1, 2022) (quoting *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993)) ("The Federal courts wield inherent authority 'to protect the efficient and orderly administration of justice and … to command respect for the court's orders, judgments, procedures, and authority.'").[1]

Second, even if Plaintiff did not understand when his opposition was due given the lack of a noting date, it is not acceptable to simply sit back and allow a dispositive motion to go unopposed for months. In doing so, he put this Court to the trouble of writing an order that he now asserts should be set aside for no good reason other than his dilatory conduct. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief."); *Martella v. Marine Cooks*

---

[1] Indeed, counsel's dilatory behavior continues with his failure to file a reply to the motion for reconsideration as instructed by this Court. *See* Dkt. No. 22.

*& Stewards Union,* 448 F.2d 729, 730 (9th Cir. 1971) (denying Rule 60 motion due to "lack of diligence and attention to the matter").[2]

### III.   CONCLUSION

For the foregoing reasons, the COURT HEREBY DENIES Plaintiff's motion for reconsideration.

Dated this 1st day of May, 2024.

Barbara Jacobs Rothstein
U.S. District Court Judge

---

[2] While not a reason to deny the motion for reconsideration, the Court does believe that it is important to note that in reaching the March 25, 2024 decision, the Court had the opportunity to review a video of the incident underlying this lawsuit. The video was taken by Plaintiff's family and uploaded to Plaintiff's YouTube account. The video contradicts Plaintiff's claim that he lost consciousness because Officers Anderson and Komarovsky placed him in a chokehold. To the contrary, the video shows Plaintiff sitting up, awake, and aware for the first 2:24 minutes of the 5:20 minute video without either officer touching him. Then, at approximately 2:25 minutes into the video, he slowly lays down, again with neither officer touching him. This Court also reviewed the deposition testimony of Plaintiff's primary care physician who testified that Plaintiff has an established history of fainting episodes and pseudo seizures that are triggered by stressful events. In addition, the Court reviewed the transcript of Plaintiff's 911 call in which he was irate, threatened to harm the other driver, and claimed to have a weapon. This evidence contradicts Plaintiff's claim that the officers used excessive force against him during the underlying incident, causing him injury, and it is difficult for the Court to see how Plaintiff could have overcome this direct evidence.